IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

U.S. WATER SERVICES, INC. and
ROY JOHNSON,

                              OPINION AND ORDER

                 Plaintiffs,

                              13-cv-864-bbc

     v.

NOVOZYMES A/S and NOVOZYMES
NORTH AMERICA, INC.,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiffs U.S. Water Services, Inc. and Roy Johnson contend that defendants Novozymes A/S and Novozymes North America, Inc. indirectly infringe plaintiffs' patents and induce their customers to infringe the patents. Defendants have moved to transfer the case to the District of Minnesota under 28 U.S.C. § 1404(a), dkt. #28, and they have moved to dismiss the complaint for failing to provide fair notice of plaintiffs' claims as required by Fed. R. Civ. P. 8. Dkt. #25. I am declining to transfer the case because defendants have not shown that the District of Minnesota would be a more convenient forum. In addition, I am denying defendants' motion to dismiss. Although plaintiffs' complaint is sparse, it meets the requirements for notice pleading of patent infringement. In re Bill of Lading Transmission & Processing System Patent Litigation, 681 F.3d 1323, 1335 (Fed. Cir. 2012). Finally, defendants have moved to stay discovery until

1

after the disposition of their motion to dismiss, dkt. #57 (motion for protective order), and have refused to produce discovery until after the court decides their motion. Their position to do so prompted plaintiffs to file a motion to compel. Dkt. #71. I will deny defendants' motion to stay as moot, and I will order defendants to respond to plaintiffs' discovery requests, either by producing the requested evidence or by filing substantive objections.

BACKGROUND

Plaintiff U.S. Water Services, Inc. is a Minnesota corporation with headquarters in St. Michael, Minnesota. Plaintiff Roy Johnson lives in Oconomowoc, Wisconsin, in the Eastern District of Wisconsin. He is the named inventor on U.S. Patent No. 8,415,137 and U.S. Patent No. 8,609,399. Both plaintiffs are co-owners of these patents. The '137 and '399 patents disclose methods for using phytase enzymes to combat the build up of deposits of certain materials on ethanol production equipment.

Defendant Novozymes A/S is a Danish corporation; defendant Novozymes North America, Inc. is incorporated in New York, with its headquarters in Franklinton, North Carolina. Defendants sell products called Phytaflow and 50161, which contain phytase enzymes.

Plaintiffs contend that defendants induce and contribute to infringement of the '137 and '399 patents by selling the Phytaflow and 50161 products and encouraging their customers to use those products in the ways prescribed by the methods of the '137 and '399 patents. Furthermore, they allege that defendants had knowledge of the '137 and '399

patents because plaintiffs sent them a letter about an earlier patent that involved similar technology and plaintiffs publicly announced the issuance of the '137 and '399 patents. Finally, plaintiffs allege that Phytaflow and 50161 have no substantial noninfringing uses as sold and marketed.

Approximately two percent of defendants' sales of the Phytaflow product occurred in Wisconsin in 2012-2013; about six percent of sales of Phytaflow occurred in Minnesota in the same period.

In 2011, plaintiff U.S. Water Services, Inc. filed a lawsuit against its competitor ChemTreat, Inc., in the District Court for the District of Minnesota. <u>U.S. Water Services, Inc. v. ChemTreat, Inc.</u>, No. 11-cv-895-PNS-TNL (D. Minn. Jan. 16, 2013). In that suit, U.S. Water Services contended that ChemTreat, Inc. had misappropriated trade secrets related to the phytase enzyme technology. ChemTreat, Inc. countersued on the basis of noninfringement and invalidity of U.S. Patent No. 8,039,244, which issued during the course of that litigation. The district court held that ChemTreat, Inc. did not infringe the '244 patent. Plaintiff appealed that ruling on the sole issue of subject matter jurisdiction. The appeal is pending in the Court of Appeals for the Federal Circuit, case no. 2013-1236.

The '244 patent involves methods for using phytase enzymes to combat deposits and scaling in ethanol production. The technology is similar to that in the '137 and '399 patents. The only claim at issue in the '244 patent litigation with ChemTreat, Inc. was the addition of phytase "to said thin stillage, backset, or mixtures thereof." Plts.' Br., dkt. #44, at 14. The claims at issue in the present litigation, pertaining to the '137 and '399 patents,

include the pH level in one section of the process and the "addition of an acidic compound that can break down organic phosphates and phosphonates into soluble inorganic phosphates in the presence of an oxidizer, oxidizing agent, or ultraviolet light." Id. at 15.

OPINION

A. Transfer of Action

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The parties agree that either district is a permissible venue for this case, but they dispute whether convenience and the interests of justice favor transfer. As the movants, defendants bear the burden of establishing that the transferee forum is clearly more convenient or that the interests of justice favor transfer. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986).

"With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum . . . ." Research Automation, Inc. v. Schrader-Bridgeport International, Inc., 626 F.3d 973, 978 (7th Cir. 2010). Defendants argue that the Western District of Wisconsin is not a convenient forum because none of the parties and few of the potential witnesses are located here; the relevant documents and evidence are not kept in this district; and only minimal sales of the accused products occurred in here. In response, plaintiffs argue that Roy Johnson lives closer to the Western District of Wisconsin than to the District of

Minnesota and that several third party witnesses are also closer to the Western District of Wisconsin than to the District of Minnesota. It is not clear that these reasons support transfer. It is unlikely that Johnson would need to testify, E-Pass Technologies, Inc. v. 3Com Corp., 343 F.3d 1364, 1370 n.5 (Fed. Cir. 2003) ("inventor evidence is of little probative value for purposes of claim construction") (citing Solomon v. Kimberly-Clark Corp, 216 F.3d 1372, 1380 (Fed. Cir. 2000)), and many customers and other third party witnesses are located relatively close to either forum.

Defendants argue that, by comparison, the District of Minnesota would be more convenient because plaintiff U.S. Water Services, Inc. has its headquarters in St. Michael, Minnesota, and "[p]resumably most or all of the key U.S. Water witnesses reside in Minnesota or routinely travel to Minnesota as part of their duties." Dfts.' Br., dkt. #29, at 9. Defendants do not support this allegation with evidence, but even if they had, plaintiffs are entitled to disregard their *own* convenience in favor of other factors in choosing the forum in which they litigate. Semiconductor Energy Laboratory Co., Ltd. v. Samsung Electronics Co., Ltd., 2009 WL 1615528, *4 (W.D. Wis. 2009) (denying motion to transfer in part because "defendants focus on plaintiff's convenience and not their own. Presumably, if plaintiff chose to file suit in Wisconsin, it is willing to overlook any inconvenience associated with litigating in this forum."). See also Atlantic Marine Construction Co., Inc. v. U.S. District Court for Western District of Texas, 134 S. Ct. 568, 583 n.6 (2013) ("The [c]ourt must also give some weight to the plaintiffs' choice of forum . . . ."). In short, defendants have not made a persuasive argument for transfer.

5

Nevertheless, the "interests of justice" can justify transfer even when the transferee forum is not clearly more convenient. Research Automation, Inc., 626 F.3d at 978 (internal citations omitted). "For ['the interests of justice'] element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." Id. Defendants argue that the interests of justice favor transfer to the District of Minnesota because plaintiffs were parties to a case in the District of Minnesota in which that court construed the '244 patent, U.S. Water Services, Inc. v. ChemTreat, Inc., 11-CV-0895 PJS/TNL, 2013 WL 173736 (D. Minn. Jan. 16, 2013). The '244 patent involves similar technology on phytase enzymes used for removing deposits on ethanol production equipment. This patent and the '137 and '399 patents also share the same specification.

It is true that successive litigation on the same patents or on related technology weighs in favor of transfer in order to avoid duplicate or inconsistent rulings or claims construction. Rembrandt Data Storage, LP, 2011 U.S. Dist. LEXIS 153364, 8; Kraft Foods Holdings, Inc. v. Procter & Gamble Co., 2008 WL 4559703 (W.D. Wis. Jan. 24, 2008). However, in this case, the patents are different. Although defendants say that "some of the claim terms at issue in the ChemTreat action will likely be relevant here," Dfts.' Br., dkt. #29, at 12, they do not point to any specific claims that would be at issue in both lawsuits. On the other hand, plaintiffs argue that none of the claims asserted in this litigation were considered by the District of Minnesota in the ChemTreat, Inc. case, and the claims in this

6

litigation involve different aspects of the technology (namely, the pH of the "beer column" during ethanol production, the use of an acidic compound and the use of said compound with an oxidizer, oxidizing agent or ultraviolet light). Because defendants have not rebutted plaintiffs' argument, defendants have failed to show that judicial resources would be saved by litigating the '137 and '399 patents in the District of Minnesota.

Although I agree that the parties' connections to the Western District of Wisconsin are tenuous, I conclude that defendants have not met their burden of showing that the interests of justice favor transfer or that transfer would be clearly more convenient.

B. Dismissal

Defendants have moved to dismiss plaintiffs' amended complaint on the ground that the complaint does not allege sufficient facts to state claims of indirect, induced or contributory infringement under Fed. R. Civ. P. 8. Defendants argue that plaintiffs (1) do not identify the accused method with sufficient specificity; (2) do not state plausible facts with respect to defendants' knowledge and intent, as required to state induced and contributory infringement claims; and (3) acknowledge the existence of substantial, noninfringing uses for the phytase product, which contradicts a contributory infringement claim. Defendants' first two arguments fail because plaintiffs' allegations are sufficient to state a claim under Federal Circuit precedent. Defendants' third argument fails because the relevant inquiry is not whether phytase enzymes have substantial noninfringing uses but whether defendants' products have substantial noninfringing uses, as sold and marketed.

Plaintiffs have alleged this sufficiently.

Defendants say that they were not put on notice with respect to the activity or device plaintiffs accuse of infringement. Under the law of the Court of Appeals for the Federal Circuit, a plaintiff need not plead specific claims or offer more than a general statement of the defendant's infringing activities. Plaintiff's complaint need not provide any more detail than the sample set forth in Appendix Form 18 of the Federal Rules of Civil Procedure. Id. ("defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention . . . ."); In re Bill of Lading Transmission & Processing System Patent Litigation, 681 F.3d 1323, 1335 (Fed. Cir. 2012) (applying Fed. R. Civ. P. Form 18 to provide standard for stating claims in patent infringement actions). See also Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."). In their amended complaint, plaintiffs allege that

> Upon information and belief, in recent months, Novozymes, with knowledge of the '137 Patent and '399 Patent, has approached a number of U.S. Water customers with its Phytaflow® and/or 50161 products with instructions to use Phytaflow® and/or 50161 in the same manner as U.S. Water's patented pHytOUT® method, i.e., to carry out the methods claimed in the '137 Patent and the '399 Patent. Upon information and belief, Novozymes has offered to sell Phytaflow® to Badger State Ethanol, LLC (BSE), a dry-mill ethanol production facility in Monroe, Wisconsin and a long-time customer of U.S. Water, with instructions to use Phytaflow® in the same manner as U.S. Water's patented pHytOUT® methods, i.e., to carry out the method(s) claimed in the '137 Patent and/or the '399 Patent.

Plts.' Am. Cpt., dkt. #21, at ¶23. Plaintiffs are not required to provide any greater detail than this. In re Bill of Lading, 681 F.3d at 1335 (complaints met requirements of Rule 8

when they "assert[ed] that a specific customer or customers are infringing the '078 patent by using the patented method").

Defendants argue that plaintiffs' amended complaint is too vague and conclusory with respect to defendants' knowledge of infringement, which is an element of plaintiffs' induced and contributory infringement claims. Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060, 2068 (2011) (like contributory infringement, "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement"); In re Bill of Lading, 681 F.3d at 1339 ("To survive Appellees' motion to dismiss, therefore, R+L's amended complaints must contain facts plausibly showing that Appellees specifically intended their customers to infringe the '078 patent and knew that the customer's acts constituted infringement."). Defendants also say that plaintiffs do not provide any facts about defendants' specific intent to infringe, as required to state a claim for induced infringement. In re Bill of Lading, 681 F.3d at 1339.

With respect to defendants' knowledge, plaintiffs allege "[u]pon information and belief" that defendants have knowledge of the '137 and '399 patents. Plts.' Am. Cpt., dkt. #21, at ¶22. They allege two relevant facts: (1) plaintiffs sent defendants a letter about the '244 patent, which was substantially related technology; and (2) plaintiffs made a public announcement to the industry of the issuance of their '137 and '399 patents. Id. Although these facts do not prove defendants' knowledge, they are sufficient to allow the court to infer defendants' knowledge of the '137 and '399 patents, which is enough to state induced and contributory infringement claims. In re Bill of Lading, 681 F.3d at 1342 (" At this stage of

9

the litigation a plaintiff is only required to plead enough facts to enable a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

With respect to specific intent, plaintiffs allege that defendants "approached a number of U.S. Water customers . . . with instructions to use Phytaflow® and/or 50161 in the same manner as U.S. Water's patented pHytOUT® method, i.e., to carry out the methods claimed in the '137 Patent and the '399 Patent." Plts.' Am. Cpt., dkt. #21, at 23. Plaintiffs allege that defendants knew of plaintiffs' technology and patents and that they instructed potential customers to buy their product and use it in the same way as plaintiffs' patented methods. Such allegations are sufficient to satisfy the specific intent element. Grice Engineering, Inc. v. JG Innovations, Inc., 691 F. Supp. 2d 915, 927 (W.D. Wis. 2010) (specific intent to induce infringement sufficiently stated when "plaintiff allege[d] that [defendant] founded, owns and operates [accused company] and that [defendant] is aware of plaintiff's patent rights . . . [and] that defendant Grice participated in marketing the allegedly infringing products and acted willfully to infringe plaintiff's patent").

Finally, defendants argue that plaintiffs acknowledge that defendants' products have substantial noninfringing uses and fail to allege that these products were made for the purpose of infringing plaintiffs' patents, as required to state a contributory infringement claim. Defendants say that the phytase enzymes that are the physical component of their Phytaflow and 50161 products have numerous other uses aside from those described by the claims in the '137 and '399 patents. However, the patents are *methods* patents, meaning that

the physical component alone is not the relevant unit of inquiry. Rather, the question is whether the Phytaflow and 50161 products as sold or marketed to customers have other uses, which plaintiffs allege they do not. Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1363 (Fed. Cir. 2006) ("Relying on . . . evidence that the instruction sheets taught only the infringing configuration, the district court had ample basis to conclude that Golden Blount had made out a *prima facie* showing that [plaintiff's] product was not 'suitable for substantial non-infringing use . . . .'") (quoting 35 U.S.C. § 271(c)) (emphasis in original). Unlike in In re Bill of Lading, 681 F.3d at 1338, plaintiffs do not allege that defendants' marketing of Phytaflow and 50161 includes "repeated descriptions of non-infringing uses to which the accused products can be put." Instead, plaintiffs allege the opposite: Phytaflow and 50161 have been sold only as infringing components of plaintiffs' patented methods and that the products were designed specifically for that use.

I conclude that plaintiffs have stated viable claims. Accordingly, defendants' motion to dismiss will be denied. Defendants' motion to stay discovery pending the disposition of their motion to dismiss will be denied as moot. Defendants must respond to plaintiffs' discovery requests by producing the appropriate evidence or by supplying objections on a basis other than the anticipation of the granting of their motion to dismiss.

ORDER

IT IS ORDERED that

1. Defendants Novozymes A/S's and Novozymes North America, Inc.'s motion to

transfer this case to the District of Minnesota under 28 U.S.C. § 1404(a), dkt. #28, is DENIED.

    2.  Defendants' motion to dismiss plaintiffs U.S. Water Services, Inc.'s and Roy Johnson's amended complaint, dkt. #25, is DENIED.

    3.  Defendants' motion to stay discovery pending the disposition of their motion to dismiss, dkt. #57, is DENIED as moot.

    4.  Plaintiffs' motion to compel discovery, dkt. #71, is GRANTED.  Defendants are ordered to respond to plaintiffs' requests by July 10, 2014 by either providing the evidence requested or objecting to the request on grounds other than awaiting the outcome of defendants' motion to dismiss.

    Entered this 11th day of June, 2014.

                                                                  BY THE COURT:
                                                                  /s/
                                                                  BARBARA B. CRABB
                                                                  District Judge