IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

U.S. WATER SERVICES, INC. and
ROY JOHNSON,

                                                                            ORDER

                    Plaintiffs,

      v.                                                            13-cv-864-jdp

NOVOZYMES A/S, and NOVOZYMES
NORTH AMERICA, INC.,

                    Defendants.

---

The court entered summary judgment in this case on July 29, 2015, on two bases: the asserted claims of the patents-in-suit are invalid as anticipated; and the patents-in-suit are not unenforceable because of inequitable conduct. Dkt. 561. The summary judgment order disposed of the case, with defendants prevailing.

The parties have now filed a joint motion to stay post-judgment proceedings, which would include defendants' bill of costs and defendants' planned motion for attorney fees. Dkt. 564. Plaintiffs intend to appeal the merits of the case, and the parties ask to forestall briefing and consideration of costs and attorney fees until after the appeal is resolved.

Federal Rule of Civil Procedure 54 gives the court discretion to grant this request, but it runs counter to the general rule articulated by the Seventh Circuit that "district courts in this circuit should proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible." *Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980); *see also Barton v. Zimmer, Inc.*, No. 06-cv-208, 2010 WL 2541707, at *2 (N.D. Ind. June 16, 2010) (briefly surveying the law and joining "the various district courts in this circuit that have denied motions to stay a determination of costs pending appeal."). Indeed, the Supreme Court has

observed that "district courts generally can avoid piecemeal appeals by promptly hearing and deciding claims to attorney's fees[, which] will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 454 (1982).

The court will deviate from the general rule and grant the motion. The presentation of the bill of costs is, in most cases, a matter of routine. But in a significant patent case like this one, it can represent a significant undertaking that prompts a substantial opposition. A motion for an award of discretionary attorney fees is a significant undertaking under any circumstances, but it will be particularly so here. If, on appeal, the Federal Circuit disturbs either part of the court's summary judgment ruling, then the parties and this court will likely have to re-do work on attorney fees. If the decision on the validity of the patents-in-suit is reversed, then the post-trial work will have been for naught.

In patent cases where the issues are straightforward, or where the parties do not stipulate otherwise, the court will stick to the general rule and will promptly tax costs and decide motions for attorney fees to avoid the potential for piecemeal appeals. But this case presents issues of sufficient complexity that it seems prudent to see how the appeal turns out before we tally up and split the bill.

ORDER

IT IS ORDERED that:

1. The parties' joint motion to stay post-judgment proceedings, Dkt. 564, is GRANTED.

2. Any motions pursuant to Federal Rule of Civil Procedure 54(d) for taxation of costs or for an award of attorney fees must be filed by: (1) 14 days after the deadline to file a notice of appeal, if neither party appeals the judgment; (2) if

2

either party appeals the judgment, 30 days after the issuance of a mandate from the United States Court of Appeals for the Federal Circuit, if defendants are still prevailing parties; or (3) by a date set by further order of this court if neither (1) nor (2) applies.

Entered August 13, 2015.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge