IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

U.S. WATER SERVICES, INC.
and ROY JOHNSON,

                Plaintiffs,

v.

NOVOZYMES A/S and
NOVOZYMES NORTH AMERICA, INC.,

                Defendants.

ORDER

13-cv-864-jdp

---

The court has reviewed the parties' submissions concerning outstanding disputes that require resolution before trial, particularly their objections to exhibits proposed to be used in opening statements. Dkt. 737, Dkt. 740, Dkt. 741. To get the parties a prompt response, I provide the court's rulings with only a succinct explanation.

**A. Novozymes's objections to U.S. Water's opening slides**

I will sustain Novozymes's objection relating to Novozymes's unsuccessful attempts to get samples of pHytOUT. Novozymes did not actually get samples (until after this litigation started), so the attempt to get samples is not evidence of copying. Accordingly, U.S. Water may not use PTX 476 in opening. PTX 86 will have to be redacted to remove the reference on the first page to the request for a phytase sample. PTX 86 is otherwise admissible.

I will sustain Novozymes's objection to exclude PTX 208, which concerns a request for indemnification from Novozymes. U.S. Water contended that Novozymes's indemnification of its customers shows a potential for bias on the part of Novozymes customers as witnesses. But a mere request for indemnification, if the request is not fulfilled, does not show any potential bias. Accordingly, U.S. Water may not use PTX 208 in opening.

Novozymes's objections are otherwise overruled. I am persuaded that Novozymes's internal communications, and the documents attached or referred to in them, are likely admissible as admissions of a party opponent, business records, or for non-hearsay purposes. Thus, U.S. Water may use these documents in opening. I will allow PTX 730 in opening as an illustration of what fouling looks like; I will admit it as evidence if an appropriate foundation is laid during trial. Evidence of plant operations and Novozymes's conduct before the issuance of the patents-in-suit is allowed. Novozymes does not contend that it changed its conduct in any way after the issuance of the patents-in-suit, and thus pre-issuance conduct is circumstantial evidence of post-issuance conduct. Of course, the post-trial instructions will make clear that the jury cannot find infringement on the basis conduct that occurred only before the patents-in-suit issued.

I am not persuaded that Novozymes faces any unfair prejudice from the exclusion of its freedom to operate opinion, even though U.S. Water will be allowed to introduce evidence that Novozymes was aware of the patents-in-suit. Novozymes can try to show that the patents-in-suit are actually invalid, as the freedom to operate opinion suggests. And Novozymes will be allowed to introduce the freedom to operate opinion in the damages phase, if we get there.

**B. U.S. Water's objections to Novozymes's opening slides**

I will sustain U.S. Water's objection to DTX 2283, a letter from Novozymes's counsel responding to U.S. Water, attempting to explain that statements by Novozymes's employees were not about the validity of the '244 patent, but about the relationship between Novozymes's product and its earlier patent filing. DTX 2283 is yet another manifestation of Novozymes's freedom to operate opinion, which I have already ruled is an opinion as to invalidity, and thus inadmissible in this phase of the trial.

U.S. Water's objections are otherwise overruled. I am not persuaded that Novozymes's Opening Demonstrative 9 is argumentative. It lays out what Novozymes believes that evidence will show. Nor is the court persuaded that the demonstrative delves into an irrelevant subject. I understand U.S. Water's argument that acid reduction is not a claim element. But a pH level above 4.5 is, and the two concepts are closely related. I will allow Novozymes to present its case that U.S. Water's maintaining acid reduction as trade secret is relevant to the written description of the pH level element.

**C. Designations of the deposition of Paul Young**

Novozymes asks the court to bar U.S. Water from making any objections or counter-designations to Novozymes's designations of Paul Young's deposition. That request is denied. The court will not penalize U.S. Water for streamlining the trial by eliminating a witness. If Novozymes thinks that Young nevertheless has admissible evidence, the court will allow U.S. Water to lodge objections and make counter-designations.

**D. Revision to the introductory instructions**

In light of the court's ruling that Dr. Kohl's opinions about enablement are too conclusory to be admitted, the court will eliminate the enablement-related language ("or how someone could perform the steps of the invention") from the introductory instructions.

ORDER

IT IS ORDERED THAT:

1. U.S. Water's objections to Novozymes's exhibits to be used during opening statements, Dkt. 741, are SUSTAINED as to DTX 2283 and otherwise OVERRULED.

2. Novozymes's objections to U.S. Water's exhibits to be used during opening statements, Dkt. 740, are SUSTAINED as to PTX 208, PTX 476 and the portion of PTX 86 referring to Novozymes's attempt to obtain a sample of pHytOUT. The objections are otherwise OVERRULED.

3. U.S. Water's request to remove any reference to enablement from the opening instructions, Dkt. 737, is GRANTED.

4. Novozymes's motion to bar U.S. Water from making any objections or counter-designations to Novozymes's designation of Paul Young's deposition, Dkt. 740, is DENIED.

Entered October 9, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge