IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

U.S. WATER SERVICES, INC.
and ROY JOHNSON,

                 Plaintiffs,

v.

NOVOZYMES A/S and
NOVOZYMES NORTH AMERICA, INC.,

                 Defendants.

JURY INSTRUCTIONS:
DAMAGES

13-cv-864-jdp

**Pretrial Instructions**

    Ladies and Gentlemen of the Jury:

    We are about to begin the damages phase of the trial. This part of the trial will, in general, follow the same pattern as the liability phase. Counsel will make opening statements, we will hear the evidence, and then I will instruct you on the law applicable to damages. Counsel will make closing arguments, and you will deliberate.

    For this phase of the trial, it is now established that Novozymes has infringed the asserted claims in the '137 patent and the '399 patent.

    You must now decide two questions: what amount of money damages would compensate U.S. Water for Novozymes's infringement of the patents, and whether Novozymes's infringement was willful. U.S. Water must prove its damages by a preponderance of the evidence. U.S. Water's claim for damages must be supported by evidence, but U.S. Water is not required to prove damages with the same level of

precision as was required to prove the elements of liability. Your decision on damages will require reasonable estimates based on the evidence.

I will instruct you in more detail about the law you will apply after you hear the evidence. But my general instructions about evaluating evidence and your conduct as jurors still apply.

**Post-trial Introduction**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence, I will give you the instructions that will govern your deliberations in the jury room. It is my job to decide what rules of law apply to the case and to explain those rules to you.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

DAMAGES — GENERAL

You must now consider what amount of damages to award to U.S. Water. You are to award U.S. Water damages adequate to compensate U.S. Water for infringement. The damages you award are to compensate the patent holder, not to punish the infringer.

U.S. Water has the burden to prove its damages by a preponderance of the evidence. Your verdict must not be based on guesswork. But U.S. Water need not prove the amount of its damages with mathematical precision. Your damages determination will necessarily involve estimates and approximations.

In determining U.S. Water's damages, you may consider all the evidence presented in the case, including the evidence presented in the first phase of the trial, as well as the evidence presented in the damages phase.

The damages case will be submitted to you in the form of a special verdict on damages, consisting of 2 questions.

## REASONABLE ROYALTY

U.S. Water seeks to recover a reasonable royalty for Novozymes's infringement of the patents-in-suit.

A royalty is a payment made to the owner of a patent by someone else so that he can make, use, or sell the patented invention. A "reasonable royalty" is the amount U.S. Water and Novozymes would have agreed upon as a royalty at the time Novozymes's infringement began.

The hypothetical reasonable royalty negotiations would have occurred on April 9, 2013. Although this is the date of the hypothetical negotiations, you may consider evidence relating to events after these dates in determining the royalty that would have resulted from each hypothetical negotiation.

In determining a reasonable royalty, you should assume that U.S. Water would have been willing to allow Novozymes to use the patented invention and that Novozymes would have been willing to pay U.S. Water to do so. You should take into account what U.S. Water's and Novozymes's expectations would have been if

they had negotiated a royalty and had acted reasonably in their negotiations. You should assume that both U.S. Water and Novozymes would have believed that U.S. Water's patents were valid and infringed. You should also assume that Novozymes would have been willing to pay, and U.S. Water would have been willing to accept, the reasonable royalty they negotiated. Your role is to determine what U.S. Water and Novozymes would have agreed upon if they had negotiated in this manner, not just what either U.S. Water or Novozymes would have preferred.

In determining a reasonable royalty, you may consider any relevant factor that is supported by the evidence, including those factors that counsel and the witnesses referred to as the *Georgia Pacific* factors. I paraphrase those factors here:

- Royalties that others paid to U.S. Water for using the methods in the asserted claims;

- Royalties that Novozymes paid to others for comparable patents;

- Whether U.S. Water had a policy of licensing or not licensing the patents;

- Whether U.S. Water and Novozymes are competitors;

- Whether use of the patented methods helps to make sales of other products or services;

- Whether the product made using the patent is commercially successful, as well as its profitability;

- The advantages of using the patented methods over other methods;

- The extent of Novozymes's use of the patented methods and the value of that use to Novozymes;

- Any royalty amounts that are customary for similar or comparable patented inventions;

- The portion of the profit on sales that is due to the patented invention, as opposed to other factors, such as unpatented elements or processes, features, or improvements developed by Novozymes; and

- Expert opinions regarding what would be a reasonable royalty.

## WILLFUL INFRINGEMENT

After you determine the amount of damages, you must decide whether Novozymes's infringement of the patents-in-suit was willful. U.S. Water has the burden to prove willfulness by a preponderance of the evidence. As a reminder, "preponderance of the evidence" means that when you have considered all the evidence in the case, you must be persuaded that U.S. Water's contention is more probably true than not true.

Bear in mind that not all infringement is willful. It is not enough for U.S. Water to show that Novozymes knew of U.S. Water's patents and nevertheless infringed them.

You must also find that the infringement was, in some way, consciously or recklessly wrongful. Novozymes's infringement was willful if it amounts to serious misconduct significantly beyond the ordinary mistakes and errors of judgment that might occur in the course of honest business competition. In determining whether U.S. Water has proven that Novozymes's infringement was willful, you should consider all the relevant circumstances that are shown by the evidence.

Novozymes relies in part on the opinion of legal counsel in defense of the charge of willfulness. You should evaluate whether the opinion was competent and well supported, and whether the opinion clearly advised Novozymes that selling its product would not infringe the patents-in-suit or that the patents-in-suit were invalid.