# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| U.S. WATER SERVICES, INC. and<br>ROY JOHNSON,<br><br>     Plaintiffs,<br><br> v.<br><br>NOVOZYMES A/S and NOVOZYMES NORTH<br>AMERICA, INC.,<br><br>     Defendants. | Case No. 3:13-cv-00864-jdp |

**NOVOZYMES' UNOPPOSED MOTION TO STAY EXECUTION OF JUDGMENT
PENDING RESOLUTION OF POST-TRIAL MOTIONS
AND REQUEST FOR ENTRY OF ORDER BY NOVEMBER 13, 2017**

Pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, defendants Novozymes A/S and Novozymes North America, Inc. (collectively, "Novozymes") move the court for a stay of execution of the money judgment entered in this case pending resolution of post-trial motions. In support of this motion, Novozymes states as follows:

1. On October 30, 2017, the Court entered a judgment against Novozymes in the amount of $7,582,966. Dkt. No. 831. The automatic stay of execution of the judgment under Rule 62 expires November 13, 2017.

2. Under Rule 62(b), the Court may stay the execution of a money judgment pending disposition of post-judgment motions on "appropriate terms for the opposing party's security." Novozymes intends to file motions under Rules 50 and 59 of the Federal Rules of Civil Procedure within the required 28 days or as required under the scheduling orders of this Court. Depending on the resolution of those motions, Novozymes also intends to appeal the judgment entered against it to the United States Court of Appeals for the Federal Circuit.

3. Novozymes has obtained a bond in the amount of $9 million as security under Rule 62(b). A copy of the form of the bond is attached hereto as Exhibit A. The bond amount substantially exceeds the judgment amount and therefore is intended to fully protect U.S. Water's interest in the amount of the October 30, 2017 judgment for money damages, as well as pre-judgment sales of accused products, pre-judgment interest, and post-judgment interest, if any such additional amounts are awarded.

4. Based upon the posting of the bond and pending resolution of post-trial motions under Rules 50 and 59, Novozymes seeks a stay of execution on the judgment, any attempt to execute on the judgment, and on any proceedings to enforce the judgment's award of money damages.

5. In the event that the Court amends the judgment in this case to award U.S. Water additional damages or costs exceeding the amount of the bond, Novozymes will promptly seek to obtain appropriate additional security to secure the amended judgment, if necessary. Novozymes will also ask this Court to approve any necessary changes to the amount and duration of the bond.

6. In addition to the relief requested above, Novozymes asks that the term of the stay extend for twenty-one days beyond this Court's resolution of post-trial motions under Rules 50 and 59, to permit Novozymes an opportunity to obtain additional security, as discussed in paragraph 5 above, and to seek this Court's approval under Rule 62(d) of a supersedeas bond pending completion of any appeal.

7. U.S. Water does not oppose this motion to the extent it relates to post-trial motions only (i.e., at least U.S. Water's motion for a permanent injunction and motion for accounting for the application of pre-judgment interest to the jury's damage award, and Novozymes' Rule 50(b) and 59 motions). U.S. Water agrees that, unless and until the judgment is amended, a $9 million bond is sufficient security for a stay of execution of the judgment during this timeframe. However, U.S. Water opposes any attempt by Novozymes to stay execution of the judgment beyond the timeframe necessary for the Court to address Novozymes' Rule 50(b) and 59 motions, including without limitation any stay during the pendency of Novozymes' appeal indicated in paragraphs 2 and 6, above. Furthermore, U.S. Water disagrees that $9 million is a sufficient supersedeas bond in the event Novozymes seeks a stay of execution of the judgment beyond the timeframe necessary for the Court to address Novozymes' Rule 50(b) and 59 motions, given the continuing accrual of interest and given Novozymes' ongoing infringement.

For the foregoing reasons, Novozymes respectfully requests that, on or before **November 13, 2017**, the Court enter an order staying all persons or entities from executing or attempting to execute upon the judgment in this case, and from filing any proceedings to enforce the judgment's award of money damages, pending resolution of post-trial motions and for a period of twenty-one days thereafter.

Case: 3:13-cv-00864-jdp Document #: 837 Filed: 11/08/17 Page 4 of 5

Dated: November 8, 2017						Respectfully submitted,

								FENWICK & WEST LLP


								By: *s/Virginia K. DeMarchi*
								David K. Tellekson (admitted *Pro Hac Vice*)
								dtellekson@fenwick.com
								Ewa M. Davison (admitted *Pro Hac Vice*)
								edavison@fenwick.com
								Elizabeth B. Hagan (admitted *Pro Hac Vice*)
								ehagan@fenwick.com
								FENWICK & WEST LLP
								1191 Second Avenue, 10th Floor
								Seattle, WA  98101
								Telephone:    (206) 389-4510

								Virginia K. DeMarchi (admitted *Pro Hac Vice*)
								vdemarchi@fenwick.com
								FENWICK & WEST LLP
								Silicon Valley Center
								801 California Street
								Mountain View, CA  94041
								Telephone:    (650) 988-8500

								Amy E. Hayden (admitted *Pro Hac Vice*)
								ahayden@fenwick.com
								Hailey Teton (admitted *Pro Hac Vice*)
								hteton@fenwick.com
								FENWICK & WEST LLP
								555 California Street
								San Francisco, CA  94104
								Telephone:       (415) 875-2300

								Allen A. Arntsen
								aarntsen@foley.com
								FOLEY & LARDNER LLP
								Verex Plaza
								150 East Gilman Street
								Madison, WI  53703
								Telephone:    (608) 257-5035

								*Attorneys for Defendants Novozymes A/S*
								*and Novozymes North America, Inc.*

4