# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| U.S. WATER SERVICES, INC. and ROY JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>NOVOZYMES A/S and NOVOZYMES NORTH AMERICA, INC.,<br><br>Defendants. | No. 3:13-cv-00864-jdp<br><br>Redacted |

## PLAINTIFFS' MOTION FOR SUPPLEMENTAL DAMAGES, PREJUDGMENT INTEREST, AND POST-JUDGMENT INTEREST

### INTRODUCTION

With its October 18, 2017 verdict, the jury confirmed that Defendant Novozymes A/S and Novozymes North America, Inc. ("Novozymes" or "Defendant") has been infringing U.S. Water's '137 and '399 patents for over four years, since the patents-in-suits' 2013 issuance. Based on that infringement, the jury awarded U.S. Water $7,582,966 in damages, concluding that a reasonable royalty for Novozymes's infringement is $5.05 per pound of infringing phytase-containing anti-fouling products sold during the damages period. But the $7,582,966 verdict reflected infringing sales only through May 31, 2017—the last time Novozymes updated its sales data prior to trial. Yet, Novozymes has continued to sell infringing product even post-verdict.[1] U.S. Water is therefore entitled to an accounting and supplemental damages for royalties accruing after May 31, 2017, until the October 27, 2017 judgment at a rate of $5.05 per

---

[1] *See* Declaration of Autumn N. Nero in Support of Plaintiffs' Motion for Supplemental Damages and Prejudgment and Post-Judgment Interest ("Nero Decl.") Ex. 1 (Lisa Gibson, *Jury Rules in Favor of U.S. Water in Patent Infringement Suit*, Ethanol Producer Magazine (Nov. 7, 2017), http://ethanolproducer.com/articles/14790/jury-rules-in-favor-of-u-s-water-in-patent-infringement-suit), (filed herewith).

pound. U.S. Water is likewise entitled to damages from the October 27, 2017 judgment until the date Novozymes is enjoined (or, in the alternative, for the life of the patents-in-suit), and has requested these damages be awarded at a rate of $10 per pound. *See* Pls.' Mot. for Permanent Injunctive Relief & Enhanced Royalty at 19–20.[2] Moreover, under 35 U.S.C. § 284, U.S. Water is also entitled to an award of prejudgment and post-judgment interest on both the verdict and these post-May 31, 2017, supplemental damages. Accordingly, and as more fully described below, U.S. Water respectfully requests supplemental damages and prejudgment and post-judgment interest.

**ARGUMENT**

**A.     U.S. Water Is Entitled to an Accounting and Supplemental Damages for Royalties Accrued Since May 31, 2017.**

Under 35 U.S.C. § 284, a plaintiff prevailing in a patent infringement case is entitled to receive "damages adequate to compensate for the infringement." It is fundamental that these damages include amounts that were not included in the verdict: "[a] patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict." *Mondis Tech. Ltd. v. Chimei InnoLux Corp.*, 822 F. Supp. 2d 639, 643 (E.D. Tex. 2011) (quoting *Datatreasury Corp.*

---

[2] As explained in Plaintiffs' Memorandum of Law in Support of Motion for Permanent Injunctive Relief and an Enhanced Royalty on Novozymes's Willful Post-Judgment Sales, filed herewith, to the extent Novozymes has continued to infringe post-judgment (which it has), these now-willful sales should be subject to a $10 per pound royalty. *See Douglas Dynamics, LLC v. Buyers Prods. Co.*, 76 F. Supp. 3d 806, 821 (W.D. Wis. 2014) (holding that defendant "knew full well that these units infringed but elected to sell them anyway, rather than designing a non-infringing alternative," which makes defendant's "post-verdict sales willful"), *aff'd*, 628 F. App'x 767 (Fed. Cir. 2016).

*v. Wells Fargo & Co.*, No. 2:06-cv-72-DF-CE, ECF No. 2496 at 9 (E.D. Tex. Aug. 2, 2011)), *aff'd*, 530 F. App'x 959 (Fed. Cir. 2013).[3]

This additional supplemental damages amount is calculated and awarded by the Court following the entry of the trial verdict. *Mondis Tech. Ltd.*, 822 F. Supp. 2d at 643–44; *Metso Minerals, Inc.*, 833 F. Supp. 2d at 345–51; *Aero Prods. Int'l, Inc.*, 2005 WL 1498667 at *1–2. It typically covers at least (1) infringing sales made after the time period of the evidence submitted at trial, but before the date of the verdict; and (2) infringing sales made after the date of the verdict, but prior to the entry of an injunction prohibiting further infringement or, in the alternative, payment of an ongoing royalty. *Metso Minerals, Inc.*, 833 F. Supp. 2d at 346–48.

Here, the jury's damages award was limited to the period from April 9, 2013, through May 31, 2017. This is because Novozymes's most recently updated sales data available to the jury contained information only through May 31, 2017. *See* Pls.' Trial Ex. (hereinafter "PTX") 893. Thus, in order to be fully compensated for infringing sales to date, U.S. Water is entitled to an accounting and supplemental damages for Novozymes's sales of infringing phytase products from May 31, 2017, and October 27, 2017, at the jury's awarded royalty of $5.05 per pound. Based on records produced post-judgment, these damages are as follows: between May 31, 2017, to October 27, 2017, Novozymes sold [Redacted] pounds of infringing product, which (at $5.05 per

---

[3] *See also Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 38 (Fed. Cir. 2012) ("District courts have discretion to award damages for periods of infringement not considered by the jury."); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1212 (Fed Cir. 2010); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1303 (Fed. Cir. 2009); *Metso Minerals, Inc. v. Powerscreen Int'l Distribution Ltd.*, 833 F. Supp. 2d 333, 345–51 (E.D.N.Y. 2011); *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10CV248, 2011 WL 4899922, at *1–2 (E.D. Va. Oct. 14, 2011), *aff'd*, 649 F.3d 1312 (Fed. Cir. 2012); *Hynix Semiconductor, Inc. v. Rambus Inc.*, 609 F. Supp. 2d 951, 959–61 (N.D. Cal. 2009); *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, No. 02 C 2590, 2005 WL 1498667, at *1–4 (N.D. Ill. June 9, 2005).

pound) totals [Redacted] in supplemental damages. *See* Nero Decl. Ex. 4 (NZ Phytase Sales June-Oct 2017).[4]

What's more, to the extent Novozymes has continued post-judgment to infringe the patents-in-suit, these sales are subject to a heightened royalty rate in light of the change of circumstances, i.e., that Novozymes is now an adjudged infringer that continues to now-willfully infringe the patents. *See* Pls.' Mot. for Permanent Injunctive Relief & Enhanced Royalty at 18–19. In particular, and as explained in U.S. Water's Memorandum of Law in Support of Motion for Permanent Injunctive Relief and an Enhanced Royalty on Novozymes's Willful Post-Judgment Sales, any post-judgment sales are ongoing infringement and should be subject to an enhanced royalty of $10 per pound until such time as Novozymes enjoined, or, if not enjoined, for the life of the patents-in-suit. *Id.* at 20; *see also Douglas Dynamics*, 76 F. Supp. 3d at 821. To date, these damages are as follows: from October 27, 2017, to October 31, 2017, Novozymes sold [Redacted] pounds of infringing product, which (at $10 per pound) totals [Redacted] in supplemental damages. *See* Nero Decl. Ex. 4 (NZ Phytase Sales June-Oct 2017). However, because Novozymes continues to sell infringing product, and because its supplemental production of damages information only goes through October 31, 2017, this number should be increased to include either infringing sales until the date Novozymes is enjoined from infringement or to account for sales on an ongoing basis for the remainder life of the patents-in-suit. *See* Pls.' Mot. for Permanent Injunctive Relief & Enhanced Royalty at 15–16.

Thus, in sum, through October 31, 2017, the total supplemental damages owed to U.S. Water is [Redacted]

---

[4] "NZ Phytase Sales June-Oct 2017" is an updated version of PTX 893, which showed infringing sales from April 9, 2013, through May 31, 2017, NZ Phytase Sales June-Oct 2017 now reflects sales through October 31, 2017.

**B. U.S. Water Is Entitled to *Prejudgment* Interest on Both the $7,582,966 Judgment and Any Supplemental Damages.**

U.S. Water is likewise entitled to prejudgment interest on both the $7,582,966 awarded by the jury and any supplemental damages ordered by the Court. "[P]rejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983). An award of prejudgment interest "serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of infringement and the date of the judgment." *Id.* at 656; *see also First Nat'l Bank of Chi. v. Standard Bank & Tr.*, 172 F.3d 472, 480 (7th Cir. 1999); *Laitram Corp. v. Cambridge Wire Cloth Co.*, 785 F.2d 292, 295–96 (Fed. Cir. 1986) (holding that it is an abuse of discretion to deny prejudgment interest). "Money has a time value, and prejudgment interest is therefore necessary in the ordinary case to compensate a plaintiff fully for a loss suffered at time t and not compensated until t + 1, 2, 3 . . . n." *Partington v. Broyhill Furniture Indus., Inc.*, 999 F.2d 269, 274 (7th Cir. 1993). Prejudgment interest is "presumptively available" for violations of federal law. *Gorenstein Enters., Inc. v. Quality Care U.S.A., Inc.*, 874 F.2d 431, 436 (7th Cir. 1989). It also applies to any supplemental damages awarded by the Court. *Wis. Alumni Research Found. v. Apple, Inc.*, __ F. Supp. 3d __, No. 14-CV-062-WMC, 2017 WL 2438832, at *16 (W.D. Wis. June 6, 2017).

Therefore, U.S. Water is entitled to prejudgment interest on (1) the judgment amount of $7,582,966 from the date of first infringement—April 9, 2013—to the date of judgment—October 27, 2017, and (2) any additional amount awarded by the Court for supplemental damages.

### 1. The Appropriate Prejudgment Interest Rate Is the Prime Rate at the Time the Damages Accrued.

To ensure that U.S. Water is fully compensated, the appropriate rate to be applied is the prime rate for the period in question. *Wis. Alumni Research Found.*, 2017 WL 2438832, at *16 ("[This Court] will follow the practice approved by the Federal Circuit and Seventh Circuit, which is also consistent with its own practice, by awarding prejudgment interest based on the prime rate."); *see also Uniroyal, Inc. v. Rudkin–Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (explaining that a district court "is afforded wide latitude in the selection of interest rates" and "may award interest at or above the prime rate"); *First Nat'l Bank of Chi.*, 172 F.3d at 480 (ordinarily, to "award something other than the prime rate is an abuse of discretion"); *Partington*, 999 F.2d at 274; *Chesemore v. Alliance Holdings, Inc.*, No. 09-cv-413-WMC, 2014 WL 4415919, at *8 (W.D. Wis. Sept. 5, 2014), *aff'd*, 829 F.3d 803 (7th Cir. 2016).

The prime rates during the period of the date of first infringement to the judgment date are as follows:[5]

| 2013 | | | | |
|---|---|---|---|---|
| Prime Rate Date Change | 4/9/2013 | 12/31/2013 | | |
| Prime Rate % | 3.25% | 3.25% | | |
| Weighted average | 3.25% | **3.25%** | | |

| 2014 | | | | |
|---|---|---|---|---|
| Prime Rate Date Change | 1/1/2014 | 12/31/2014 | | |
| Prime Rate % | 3.25% | 3.25% | | |
| Weighted average | 3.25% | **3.25%** | | |

| 2015 | | | | |
|---|---|---|---|---|
| Prime Rate Date Change | 1/1/2015 | 12/17/2015 | 12/31/2015 | |
| Prime Rate % | 3.25% | 3.50% | 3.50% | |
| Weighted average | 3.12% | 0.14% | **3.26%** | |

| 2016 | | | | |
|---|---|---|---|---|
| Prime Rate Date Change | 1/1/2016 | 12/17/2016 | 12/31/2016 | |
| Prime Rate % | 3.50% | 3.75% | 3.75% | |
| Weighted average | 3.34% | 0.17% | **3.51%** | |

| 2017 | | | | |
|---|---|---|---|---|
| Prime Rate Date Change | 1/1/2017 | 3/16/2017 | 6/15/2017 | 10/27/2017 |
| Prime Rate % | 3.75% | 4.00% | 4.25% | 4.25% |
| Weighted average | 0.93% | 1.21% | 1.91% | **4.05%** |

### 2. Prejudgment Interest Should Be Compounded Quarterly.

Moreover, in the case of prejudgment interest, "'interest on interest' must be permissible." *Cement Div., Nat'l Gypsum Co. v. City of Milwaukee*, 144 F.3d 1111, 1116 (7th Cir. 1998). That is, "[i]t has been recognized that an award of compound rather than simple

---

[5] *See* Nero Decl. Ex. 2 (*H.15 Selected Interest Rates*, Board of Governors of the Federal Reserve System, https://www.federalreserve.gov/datadownload/Chart.aspx?rel=H15&series=02338be6957591cdba0a59c6f09b8389&lastobs=&from=04/09/2013&to=10/27/2017&filetype=csv&label=include&layout=seriescolumn&pp=Download (last visited Nov. 16, 2017)).

interest assures that the patent owner is fully compensated." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1555 (Fed. Cir. 1995); *see also Am. Nat'l Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 938 (7th Cir. 2003) ("compound interest ought to be the *norm* in federal matters").

Specifically, the prejudgment interest should be compounded quarterly. *See Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1579 (Fed. Cir. 1988) ("award of prejudgment interest at the prime rate compounded quarterly was within [the court's] discretion"); *Wis. Alumni Research Found.*, 2017 WL 2438832, at *16 ("Accordingly, the court will award prejudgment interest at the prime rate, compounded quarterly."); *E2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-CV-629-SLC, 2012 WL 13000379, at *1 (W.D. Wis. Dec. 6, 2012) (same).[6]

### 3. The Appropriate Time Period for Applying Prejudgment Interest Is from the Date of First Infringement Until the Date of Judgment.

Prejudgment interest should be applied to all damages accrued between the date of first infringement—April 9, 2013—through the date of judgment—October 27, 2017. *Gen. Motors Corp.*, 461 U.S. at 656. This includes the damages award of $7,582,966, which accounts for the

---

[6] Indeed, prejudgment interest may be compounded monthly or even daily. *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007) (affirming supplemental damages accruing "interest at the rate of 10%, compounded monthly"); *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 11 F. App'x 623, 623 (7th Cir. 2001) (affirming district court's award of prejudgment interest at "6%, compounded monthly"); *Tekmax, Inc. v. Exide Corp.*, 215 F.3d 1339, *7 n.3 (Fed. Cir. 1999) (unpublished table decision) (finding no abuse of discretion in awarding "prejudgment interest at a rate of 9 percent compounded monthly from the date of infringement") (unpublished table decision) ; *Uniroyal, Inc.*, 939 F.2d at 1547 ("we hold that [the district court] did not err in awarding prejudgment interest at the prime rate compounded daily"); *E.E.O.C. v. CEC Entm't, Inc.*, No. 98-C-698-X, 2000 WL 1339288, at *22 (W.D. Wis. Mar. 14, 2000) ("In federal cases, the court is to use the prime rate, compounded monthly, to calculate prejudgment interest."). However, for ease of calculation given the many years this case has spanned, U.S. Water requests only that the prejudgment interest be compounded quarterly.

time period of April 9, 2013, through May 31, 2017, and Redacted in supplemented damages, as described above for sales post-May through October 27, 2017.

### 4. Calculation of Prejudgment Interest.

An appropriate interest calculation applies the interest rates at each time period to the portion of Novozymes's infringing sales period during that period.[7] Apportionment of the awarded damages, along with supplemental damages, based on Novozymes's sales of the infringing product is as follows:

|  | Pounds sold | Apportioned Damages |
|---|---|---|
| 2013 | 67,620 | $342,157 |
| 2014 | 404,377 | $2,046,147 |
| 2015 | 454,633 | $2,300,443 |
| 2016 | 411,623 | $2,082,812 |
| 2017 thru May | 160,357 | $811,406 |
| 6/1-10/27/2017 | Redacted | Redacted |
| Total | Redacted | Redacted |

---

[7] To be sure, this calculation is conservative. Indeed, this Court has allowed a prejudgment interest calculation by applying the interest rate to the entire judgment amount beginning on the date of the hypothetical negotiation—in this case, April 9, 2013. *See, e.g.*, *Ameritox, Ltd. v. Millennium Health, LLC*, No. 13-CV-832-WMC, 2016 WL 9460661, at *2 (W.D. Wis. July 18, 2016) (awarding prejudgment interest based on plaintiff's calculation of "the total amount of damages, $8,642,760, and the number of years of infringement, 3.9 years" and rejecting defendant's argument that "this approach rests on the faulty assumption that all of the infringing sales occurred on the first day of infringement rather than overtime as was actually the case").

Using mid-year convention[8] and the weighted average prime rates for each sales period, compounded quarterly, the prejudgment interest amounts are as follows:

|  | **Apportioned Damages** | **Interest Factor** | **Prejudgment Interest** |
|---|---|---|---|
| 2013 | $342,157 | 0.1562 | $53,455 |
| 2014 | $2,046,147 | 0.1239 | $253,600 |
| 2015 | $2,300,443 | 0.0881 | $202,646 |
| 2016 | $2,082,812 | 0.052 | $108,369 |
| 2017 thru May | $811,406 | 0.0168 | $13,599 |
| 6/1-10/27/2017 | Redacted | 0.0084 | Redacted |
| Total | Redacted |  | Redacted |

Therefore, the total prejudgment interest from the judgment amount and supplemental damages that U.S. Water is entitled to from April 9, 2013, to October 27, 2017, equals Redacted.

### C. U.S. Water Is Entitled to *Post-Judgment* Interest on the Judgment Amount of $7,582,966 and Post-Judgment Infringing Sales Until the Date Novozymes Pays the Judgment in Full.

Under 28 U.S.C. § 1961, U.S. Water is also entitled to post-judgment interest on (1) the judgment amount of $7,582,966 from the date of judgment—October 27, 2017—until the date that Novozymes pays *the entire amount* to U.S. Water,[9] and (2) any amount awarded by the Court for supplemental damages from the period after the judgment date of October 27, 2017, until Novozymes pays this amount in full. Pursuant to § 1961, post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve

---

[8] Assuming the cash flow takes place at the beginning of the year or at the end of the year would unfairly increase or decrease accrued interest. Therefore, mid-year (or mid-point) convention assumes the cash flow takes place mid-year (or mid-point), approximating a true cash flow.

[9] Novozymes has indicated it may move for a stay of execution of the judgment pending resolution of post-trial motions or appeal, and, if successful, the interest on the judgment amount would continue to accrue during the entire appeal period until the judgment is paid.

System, for the calendar week preceding the date of the judgment . . . and shall be compounded annually." 28 U.S.C. § 1961(a)–(b).

The weekly average 1-year constant maturity Treasury yield for the calendar week ending October 27, 2017, is 1.43%.[10] Therefore, the post-judgment interest rate to be applied in this case is 1.43%, compounded annually.

The post-judgment interest amount is calculated by taking the judgment amount of $7,582,966 multiplied by the interest rate of 1.43% and divided by 365 days, which equals $279.09 per day. This daily interest rate applies from the date of judgment, October 27, 2017, until Novozymes pays U.S. Water *the full judgment amount*.

In addition to the post-judgment interest on the judgment amount, U.S. Water is entitled to post-judgment interest on any supplemental damages awarded post-October 27, 2017, using the same method above, which should be calculated once those supplemental damages are awarded by the Court.

## CONCLUSION

For the reasons set forth above, U.S. Water respectfully requests that the Court award supplemental damages in the amount of [Redacted] through October 31, 2017; award prejudgment interest in the amount of [Redacted]; and an award supplemental damages for infringing sales post-October 31, 2017, and post-judgment interest, in an amount yet to be determined.

---

[10] *See* Nero Decl. Ex. 3 (*H.15 Selected Interest Rates*, Board of Governors of the Federal Reserve System,
https://www.federalreserve.gov/datadownload/Chart.aspx?rel=H15&series=baf5b6bc360d96888021f4c7b4b061f5&lastobs=&from=10/01/2017&to=10/31/2017&filetype=csv&label=include&layout=seriescolumn&pp=Download (last visited Nov. 16, 2017)).

DATED: November 21, 2017  *s/ Autumn N. Nero*
John S. Skilton
JSkilton@perkinscoie.com
Michelle M. Umberger
MUmberger@perkinscoie.com
Christopher G. Hanewicz
CHanewicz@perkinscoie.com
Autumn N. Nero
ANero@perkinscoie.com
Brandon M. Lewis
BLewis@perkinscoie.com
Truscenialyn Brooks
TBrooks@perkinscoie.com
Danielle S. Grant-Keane
DGrantKeane@perkinscoie.com
**Perkins Coie LLP**
One East Main Street, Suite 201
Madison, WI 53703-5118
Telephone: 608.663.7460
Facsimile: 608.663.7499

Colin G. Sandercock
CSandercock@perkinscoie.com
**Perkins Coie LLP**
700 Thirteenth Street N.W.
Washington, DC 20005
Telephone: 202.654.6200
Facsimile: 202.654.6211

*Attorneys for Plaintiffs*
*U.S. Water Services, Inc. and Roy Johnson*