**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| U.S. WATER SERVICES, INC. and ROY JOHNSON,<br><br>        Plaintiffs,<br><br>        v.<br><br>NOVOZYMES A/S and NOVOZYMES NORTH AMERICA, INC.,<br><br>        Defendants. | No. 3:13-cv-00864-jdp |

**DECLARATION OF LAMARR BARNES IN SUPPORT OF PLAINTIFFS' MOTION FOR PERMANENT INJUNCTIVE RELIEF AND AN ENHANCED ROYALTY ON NOVOZYMES'S WILLFUL POST-JUDGMENT SALES**

I, LaMarr Barnes, am the Chief Executive Officer of U.S. Water Services, Inc. ("U.S. Water"). I make this declaration in support of Plaintiffs' Motion for Permanent Injunctive Relief and an Enhanced Royalty on Novozymes's Willful Post-Judgment Sales.

1. Through Novozymes's continuing infringement of U.S. Water's patents (Nos. 8,415,137 and 8,609,399) and the ongoing availability of Phytaflow and other products containing phytase in direct competition with U.S. Water's pHytOUT product, U.S. Water continues to suffer harm based upon price erosion, loss of goodwill, damage to reputation, and loss of business opportunities.

2. U.S. Water continues to lose sales of its pHytOUT product to Novozymes. Novozymes continues to undercut U.S. Water's pHytOUT prices in its sales of phytase-containing products, including Phytaflow, for use in carrying out U.S. Water's patented method.

- 2 -

3. For those customers that continue to use Phytaflow to practice U.S. Water's patented method, in addition to U.S. Water's lost pHytOUT business, U.S. Water continues to find that these accounts are less stable in terms of our competitors trying to come in and take other business outside of the pHytOUT business, consistent with the testimony of Allan Bly at trial.

4. U.S. Water continues to lose out not just on pHytOUT business, but auxiliary business in water treatment and all the other business that goes along with it, consistent with Mr. Bly's trial testimony.

5. U.S. Water's reputation as the innovator of its pHytOUT technology continues to be undermined by Novozymes's continued infringing sales and statements to the industry post-verdict.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct to the best of my knowledge.

Dated this 20th day of November, 2017.

_____
LaMarr Barnes